## THE STATE v. JOHNAGEN.

1. **Practice**: EVIDENCE: JURY. Whether or not certain admissions previously made by the prosecuting witness in a criminal trial, contradictory to his testimony, would have the effect to impair his credit as a witness, was held to be a question for the jury.

*Appeal from Boone District Court.*

WEDNESDAY, APRIL 7.

INDICTMENT FOR ROBBERY. Trial, verdict, judgment, and the defendant appeals.

*Kidder & Crooks*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—The robbery was effected by striking the prosecuting witness a violent blow on the head with a club or some other instrument, and while he was unconscious taking from his person certain articles of personal property. The following instruction was given the jury.

1. PRACTICE: evidence: jury.

"10th. The defendants have introduced different witnesses to show that Ericson, the prosecuting witness, soon after the alleged robbery, told them that he did not know who it was that wounded and robbed him, and the state introduced witnesses to show that at the time Ericson made these statements he was suffering much pain from his wounds, and was greatly debilitated, and was partially or temporarily deranged, and that he was greatly frightened and in fear of being injured; and if you find from the evidence that he did so state that he did not know who it was who struck and robbed him, you will then carefully consider all the facts and circumstances as disclosed by the evidence, and if you find that at the time he made these statements, if he did make them, he was suffering great

pain and was partially deranged in mind, and was not fully conscious of what he said, then it would not impair or affect his credibility in any way if he did under such circumstances make contradictory statements from his testimony; or if you find his mind was partially deranged or impaired, and he was laboring under the imaginary impression that he was in great danger of being injured personally, and of being again robbed, and that when talking to strangers or persons in whom he did not have full confidence he, from policy, told such persons that he did not know who robbed him, then it should not affect or impair his credit as a witness. But if you find that the prosecuting witness, when in full possession of his faculties, of his own accord, made statements to such witnesses that he did not know who robbed him, it is a circumstance for you to consider in determining what weight you will give his testimony."

Under the evidence and this instruction the jury were authorized to find: *First.* That the prosecuting witness stated on several occasions after the robbery, to different persons, he did not know who it was that struck and robbed him; *Second.* That such statements were made when he was suffering great pain and was partially deranged or greatly frightened and in fear of being injured; and, *Third.* That he from policy, under the circumstances stated in the instruction, made such statement. This being so, the effect or consequence of such finding becomes exceedingly important. Instead of leaving this to be determined by the jury, the court, as a matter of law, said what the effect would be. For the court said that if either of the two last propositions were found to be true, then the effect would be not to "impair or affect in any way the credibility" of the prosecuting witness. This, we think, was a question for the jury and not the court. It was for them to say how far or to what extent the credibility of the witness was affected by the matters referred to. The disparaging fact being found, it was for the jury to say whether or not it had been sufficiently and satisfactorily explained so

that the credibility of the witness was in no way affected thereby. We think the instruction is erroneous, and that it is not cured by the 11th instruction, which does contain a correct proposition.

REVERSED.